10-4973-ag
Benny v. Holder

BIA
Nelson, IJ
A099 939 077
A099 939 027
A099 939 078

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand twelve.

PRESENT:
 PIERRE N. LEVAL,
 JOSÉ A. CABRANES,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

FNU BENNY, ALICE HARIYANTO, DYLAN SALIM, AKA DILLON SALIM,
  *Petitioners,*

 v.                                      10-4973-ag
                                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONERS:     Jack Herzig, Wyncote, Pennsylvania.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; James A Hunolt, Senior
                     Litigation Counsel; Sarah L. Vuong,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Fnu Benny, Alice Hariyanto, and Dylan Salim, natives and citizens of Indonesia, seek review of a November 17, 2010, decision of the BIA affirming the March 17, 2009, decision of an Immigration Judge ("IJ") denying their application for asylum and withholding of removal. *In re Benny Fnu, Alice Hariyanto, Dylan Salim, aka Dillon Salim*, Nos. A099 939 077/027/078 (B.I.A. Nov. 17, 2010), *aff'g* Nos. A099 939 077/027/078 (Immig. Ct. N.Y. City Mar. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As preliminary matters, because Petitioners do not challenge the agency's determination that their asylum applications were untimely under 8 U.S.C. § 1158(a)(2)(B), and because Petitioners do not argue that they are eligible for relief under the Convention Against Torture ("CAT"), we do not address those claims. Accordingly, we address only the agency's denial of withholding of removal, and conclude that the agency reasonably determined that Petitioners failed to sustain their burden of demonstrating their eligibility for this form of relief. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006).

Although the agency failed to evaluate explicitly the cumulative impact of the incidents Benny and Hariyanto experienced in Indonesia, we find that remand would be futile. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289-90 (2d Cir. 2007) (providing that the agency should evaluate the cumulative impact of an applicant's experiences, but recognizing that "even if an IJ's decision contains errors, the decision will not be vacated and remanded if doing so would be futile"). We have recognized that a valid past persecution claim can be based on harm other than threats to life or freedom, "includ[ing] non-

3

life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (citing *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004)), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Furthermore, "[w]e have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks and citations omitted).

In this case, the agency reasonably concluded Hariyanto's presence during an incident at her university, in which individuals damaged campus fences and threatened to burn the university, and Hariyanto and Benny's presence near two bombings, in which they were not injured, did not establish past persecution, as general violence does not constitute persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999). The agency also reasonably concluded that the incident in which individuals threw stones at Hariyanto's house, rattled fences, and shouted anti-Chinese provocations, and the incident in which individuals damaged the front mirror of Hariyanto's car, did

4

not establish past persecution, as she did not testify that she was beaten or otherwise physically hurt during these incidents, and because general crime conditions are not grounds for asylum and unfulfilled threats alone are insufficient to demonstrate past persecution. *See Melgar de Torres*, 191 F.3d at 314; *Tian-Yong Chen*, 359 F.3d at 128; *see also Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006). Finally, contrary to Petitioners' argument that the BIA failed to consider an incident in which Benny was beaten and cut with a knife, the BIA explicitly referenced Benny's testimony regarding his physical assault, and reasonably concluded that this incident did not rise to the level of persecution. *See Ivanishvili*, 433 F.3d at 341; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) (Presuming that the agency has "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Accordingly, unlike those cases in which we have remanded for the agency to evaluate an alien's claim of past harm cumulatively, remand here would be futile, as Hariyanto did not testify to having suffered physical, mental, or economic harm, and the harm to which Benny did testify was not so severe as to constitute persecution. *See, e.g.*, *Manzur*, 494 F.3d at 285-

5

88 (Bangladeshi applicant and her children suffered post-traumatic stress disorder after applicant's husband was removed from their home and killed during a coup, and she and her children were subjected to twelve years of harm, including house arrest, attempted rape, death threats, economic deprivation, government surveillance, denial of medical care, and restriction on travel); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 279-80 (2d Cir. 2006) (petitioner was detained and beaten by Cameroonian police on five occasions); *Poradisova v. Gonzales*, 420 F.3d 70, 74-75 (2d Cir. 2005) (petitioner' business was burned down and they were subjected to years of harassment, threats, and beatings in Belarus because they were Jewish). Ultimately, even considering in the aggregate the harm Hariyanto and Benny endured in Indonesia, their experience was insufficiently severe to compel a reasonable fact-finder to conclude, contrary to the agency, that they suffered past persecution, 8 U.S.C. § 1252(b)(4)(B). *Cf*. *Manzur*, 494 F.3d at 285-88; *Edimo-Doualla*, 464 F.3d at 279-80; *Poradisova*, 420 F.3d at 74-75.

Moreover, because the agency reasonably determined that Petitioners had not suffered past persecution, they were not entitled to a presumption that they would face persecution

6

if returned to Indonesia.  *See* 8 C.F.R. § 1208.16(b)(1). Absent a showing of past persecution, an applicant for withholding of removal must show that it is "more likely than not" that she would suffer future persecution based on a statutory ground if returned to the country of removal. 8 C.F.R. § 1208.16(b)(2).  As the IJ found, the country conditions evidence in the record indicated that violence against Chinese and Christians in Indonesia had decreased, and the Indonesian government has tried to promote ethnic and religious tolerance.  Indeed, the U.S. Department of State's 2008 Human Rights Practices Report for Indonesia indicates that the Indonesian government "officially promotes racial and ethnic tolerance," and that "instances of discrimination and harassment of ethnic Chinese continued to decline compared with previous years [as] recent reforms increased religious and cultural freedoms."  Thus, the IJ did not err in finding that Petitioners failed to sustain their burden of demonstrating a likelihood of persecution in Indonesia.

Moreover, contrary to Petitioners' argument, the agency did not err in rejecting their "pattern or practice" claim. *See* 8 C.F.R. § 1208.16(b)(2).  As we have previously determined, a petitioner failed to establish a pattern or

7

practice of persecution against Christians in Indonesia, noting that the finding was supported by several U.S. Department of State and organizational reports on conditions in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Here, similarly, the agency reasonably found that the country conditions evidence in the record, which included several U.S. Department of State and organizational reports, indicated that the Indonesian government generally respected religious freedom, and had instituted reforms intended to promote religious and cultural tolerance. Although Petitioners argue that the agency erred by relying on U.S. State Department reports to the exclusion of other evidence, such reports are "usually the best available source of information on country conditions." *Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to State Department country reports lies largely within the discretion of the agency); *see also Santoso*, 580 F.3d at 112 (finding no error in agency's determination based on U.S. State Department reports). Thus, in light of the record evidence, the agency did not err in finding that Petitioners failed to demonstrate a pattern or practice of persecution against Christians in Indonesia. *See Santoso*, 580 F.3d at 112.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stays of removal that the Court previously granted in this petition are VACATED, and any pending motion for a stays of removal in this petition are DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk